IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


**BOBBY GRIFFIN,**

              **Plaintiff,**

          v.                                    CASE NO. 10-3203-SAC

**ROGER WERHOLTZ,**
**Secretary of Corrections,**
**et al.,**

              **Defendants.**

### O R D E R

      This pro se civil complaint, 42 U.S.C. § 1983, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Upon initial screening, an order was entered that required plaintiff to state additional facts showing the personal participation of defendants Roger Werholtz, Warden Sam Cline, and Dr. David Lawhorn or suffer dismissal of those defendants from this action.

      In response, plaintiff has filed a Motion for Leave to File an Amended Complaint, to which he has correctly attached his Amended Complaint. A plaintiff may amend his complaint once as a matter of right, and thus no motion was required. The court grants this motion, and the clerk shall be directed to file the attached Amended Complaint. The court has screened plaintiff's Amended Complaint, and finds as follows.

      Plaintiff states in his Amended Complaint that he "has elected to abandon" defendants Werholtz, Cline and Lawhorn because

"the court is correct in the determination that the facts of this matter do not show any personal participation by these defendants." The defendant named in plaintiff's Amended Complaint is defendant Debra Lundry, H.S.A., in her individual and official capacities. The court shall dismiss this action as against defendants Werholtz, Cline, and Lawhorn.

Even though plaintiff's own allegations and exhibits give some indication that this matter may amount to a mere disagreement between the inmate and prison medical staff regarding what treatment is necessary for his condition, which does not state a federal constitutional claim, the court cannot make that determination on the record currently before it. The court therefore finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the HCF. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

The court notes that in the Prayer for Relief in his Amended Complaint, Mr. Griffin seeks a preliminary injunction ordering defendant Lundry to immediately insure that he is properly evaluated for his umbilical hernia, and that proper treatment is provided. This is not a separate, proper motion for a preliminary injunction. Moreover, none of the factors which much be shown in order to entitle a plaintiff to a preliminary injunction is set forth to support this request. The court finds that this request should be denied for the reason that no proper motion with adequate

2

statement of factual grounds or legal authority is presented.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Doc. 7) is granted, and the clerk is directed to file the Complaint attached to the motion as plaintiff's First Amended Complaint.

**IT IS FURTHER ORDERED** that defendants Roger Werholtz, Sam Cline, and David Lawhorn are hereby dismissed from this action and all relief is denied as against them.

**IT IS FURTHER ORDERED** that plaintiff's request imbedded in his Amended Complaint for preliminary injunction is denied, without prejudice.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms and summons pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served upon defendant by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the Hutchinson Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report

ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, and to the Attorney General of the State of Kansas.

**IT IS SO ORDERED**.

Dated this 18th day of January, 2011, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge