IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY GRIFFIN,

                    Plaintiff,

vs.                               Case No. 10-3203-SAC

ROGER WERHOLTZ, et al.,

                    Defendants.

MEMORANDUM AND ORDER

This case comes before the court on the motion of the defendant, Debra Lundry,[1] the Health Services Administrator at Hutchinson Correctional Facility, to dismiss or grant summary judgment. Plaintiff has not responded to the motion. Plaintiff Bobby Griffin, an inmate at Hutchinson Correctional Facility (HCF), filed suit against defendant under 42 U.S.C. §1983, claiming she violated his 8th Amendment rights by subjecting him to cruel and unusual punishment based on deliberate indifference to his medical needs regarding his umbilical hernia.

**Motion to Dismiss Standard**

To survive a motion to dismiss, a plaintiff must allege facts sufficient to demonstrate his claim for relief is plausible on its face. *Jordan–Arapahoe, LLP v. Board of County Com'rs of County of Arapahoe, Colo.,* 633 F.3d 1022, 1025 (10th Cir. 2011) (*citing Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

---

[1] Plaintiff's Amended Complaint (Doc. 9) names only Debra Lundry as a defendant.

" 'A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Jordan–Arapahoe,* 633 F.3d at 1025 ( *quoting Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940 (2009)). In making this determination, the court accepts as true all well-pleaded factual allegations included in the complaint. *Howard v. Waide,* 534 F.3d 1227, 1243 (10th Cir. 2008). The court does not, however, accept legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949.

Although a complaint filed pro se by a party must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[The] court … will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn

2

from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. and Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). Although defendant, as the moving party, bears the initial burden of production, once she meets this burden, Plaintiff "may not rest on [his] pleadings, but must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa,* 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotations omitted).

**Facts**

Plaintiff most recently entered the custody of the Department of Corrections on September 27, 2004. He was initially placed in the reception and diagnostic center at the El Dorado Correctional Facility, then was transferred to the Hutchinson Correctional Facility on November 3, 2004, where he remains.

Defendant Lundry was employed Correct Care Solutions, LLC as the Director of Nursing in April of 2005, when plaintiff first discovered his hernia. Defendant was promoted to the position of Health Services Administrator (HSA) on February 19, 2007, and remains in that position. As HSA, she is assigned to oversee health care services provided to inmates housed at the Hutchinson Correctional Facility in Hutchinson, Kansas. Defendant is a licensed as a registered nurse, but has never seen Plaintiff for purposes of medical treatment. She is not employed as a care provider or as a decision maker regarding medical care provided to Plaintiff.

Defendant responded to a grievance filed by Plaintiff, BB00015893, which complained about the treatment of his umbilical hernia. Plaintiff desired more aggressive treatment, including surgery. Defendant's response dated April 12, 2010, was based on her review of Plaintiff's medical file and on her years of experience as a registered nurse. That response essentially states the following: she reviewed Plaintiff's medical record; his hernia had not increased in size since first documented in April of 2005; Dr. Bumguardner did not recommend surgical repair of Plaintiff's hernia; the doctor's plan of treatment was for Plaintiff to maintain weight lifting restrictions of 25 pounds; and Plaintiff's hernia did not prevent him from working or participating in work programs, or from any daily activities, or require "heavy narcotics" for pain control, or require any special treatment. Doc. 23 & Exh 4.

Defendant additionally responded on July 14, 2010 to a form 9 inquiry Plaintiff sent to her (Doc. 9, "Exhibit N"), which sought a copy of any written protocol for treating his umbilical hernia. Defendant told Plaintiff there was no written protocol for treatment of a hernia, that the facility physician decided the appropriate treatment for each patient, and that the physician had decided that treatment was not currently indicated for Plaintiff's hernia.

Defendant opines that the treatment Plaintiff received for his umbilical hernia is in line with treatment that was necessary and appropriate for his

condition. She states that Plaintiff was not refused any treatment he should have received nor was given any treatment he should not have been given. Plaintiff disagrees.

**Discussion**

**Exhaustion**

Defendant first raises the affirmative defense that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *See Jones v. Bock,* 549 U.S. 199, 216 (2007). The exhaustion requirement is mandatory and "unexhausted claims cannot be brought in court." *Id.* at 211.

Defendants' motion is framed in the alternative for summary judgment, and Defendant has attached materials outside the pleadings. Because the Court has considered these materials to determine whether Plaintiff exhausted his administrative remedies before filing this action, Defendant's motion is treated as a motion for summary judgment on the issue of exhaustion. *See* Fed.R.Civ.P. 12(d); 56.

The Martinez report (Doc. 23) states that "Plaintiff sought to exhaust his administrative remedies via the grievance process" by grievance #BB00015893. Plaintiff filed that grievance on April 9, 2010, received a negative response from defendant Lundry dated April 12, 2010, appealed to the warden on April 15, 2010, then appealed the warden's denial to

Physician Contract Management Consultant for the Kansas Department of Corrections. *Id.*, p. 5.

Defendant contends solely that the Martinez report fails to include any grievances filed against her, individually. This argument must fail because "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." *Jones v. Bock*, 549 U.S. 199, 219 (2007). The court finds no evidence that Plaintiff was ever informed he was required to identify the wrongdoers in his grievances. Without such notice, "a grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruled on other grounds as recognized in Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir. 2008). The Court, having reviewed Plaintiff's grievance (Doc. 23, Exh. 4), finds that it gives the officials adequate notice of the nature of Plaintiff's complaint, and, in addition to other matters raised in this case, specifically complains that Ms. Lundry failed to respond to Plaintiff's Form 9, which asked her to look into why "they" were "refusing to treat, or actually repair" his hernia. *Id.* Plaintiff's grievance satisfies the exhaustion requirement because "it is not 'so vague as to preclude prison officials from taking appropriate measures to resolve the complaint internally.") *Kikumura*, 461 F.3d at 1283 (*quoting Brownell v.*

6

*Krom,* 446 F.3d 305, 310 (2d Cir. 2006).

**Defendant's Personal Participation**

Defendant also seeks dismissal of Plaintiff's § 1983 claims on grounds that Plaintiff has failed to allege facts demonstrating that she personally participated in the alleged deprivation of his constitutional rights.

To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams,* 465 F.3d 1210, 1228 (10th Cir. 2006). A defendant cannot be held liable in a civil rights action based solely upon his or her supervisory capacity. *Sandifer v. Green*, 126 Fed.Appx. 908, 909 (10th Cir. 2005). Nor can personal participation be shown based solely on one's denial of a grievance. *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009).

The amended complaint claims that in April of 2010, Plaintiff submitted an inmate request to staff member, Form 9, to Debra Lundry, stating that he wanted to talk to her about repairing his hernia on his belly button because it was hurting him all of the time, that he had been to the clinic several times, and that he had stayed overnight at the clinic suffering from "very

bad" pain. (Doc. 9, p. 3.) Plaintiff alleges Defendant gave no response to this request.

Plaintiff further alleges that in July of 2010, he submitted another Form 9 to Debra Lundry asking for the protocol for the treatment of umbilical hernias, but she denied the existence of any written protocol and referred to a doctor's note that treatment of Plaintiff's hernia was not indicated at that time. Doc. 9 p. 5.

Defendant shows the Court that she never saw the Plaintiff as a patient, that she is not a care provider, and that she does not make treatment decisions. Instead, she is an administrator or overseer. A plaintiff may demonstrate personal participation "by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *See Woodward v. City of Worland,* 977 F.2d 1392, 1400 (10th Cir. 1992). Neither of these is shown here. Plaintiff has presented no facts to dispute Defendant's assertion that she was not in charge of his treatment and did not make his treatment decisions. Plaintiff has not shown any policy, regulation or practice enforced by Defendant that led to his alleged injury, *see Bruner v. Baker,* 506 F.3d 1021, 1026 (10th Cir. 2007) or any affirmative link between the alleged constitutional deprivation and Defendant's acts or failure to act. Summary judgment is therefore warranted

for Defendant due to her lack of personal participation in the alleged constitutional deprivation.

### Plaintiff's Medical Needs

Defendant additionally contents that Plaintiff's medical condition was not serious enough to be cognizable under § 1983.

The Eighth Amendment right to be free from cruel and unusual punishment is violated if prison officials show "deliberate indifference to an inmate's serious medical needs." *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005). A prison official does not violate that standard "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Self v. Crum,* 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).

To make out a constitutional deprivation under this standard, plaintiff must prove two elements: (1) objectively, the inmate's medical needs were "sufficiently serious," and (2) subjectively, the prison official acted with a "sufficiently culpable state of mind." *Id.* at 1230-31; *see also Mata,* 427 F.3d at 751.

> A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock,* 218 F.3d at 1209 (quoting *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir.1999)).

*Boyett v. County of Washington*, 282 Fed.Appx. 667, 672, 2008 WL 2483286, 4 (10th Cir. 2008).

Plaintiff's Amended Complaint fails to plead that Plaintiff has a "serious medical need." Plaintiff's allegations show that he was repeatedly seen in the clinic for his hernia, was given medication for his pain, and was given an "abdominal binder," but he wishes to have surgery for his hernia. Plaintiff complains that he is not being given "proper treatment." Plaintiff claims that he was not provided with adequate medical treatment, but this is insufficient to allege constitutionally deliberate indifference.

A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation. Moreover, a prisoner who merely disagrees with a diagnosis  or a prescribed course of treatment does not state a constitutional      violation.

*Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citation omitted). Viewed in the light most favorable to the Plaintiff, his complaints merely reflect differences of opinion regarding the appropriate course of his medical treatment.

Additionally, the record fails to show that Plaintiff's umbilical hernia may have constituted a serious medical need. Plaintiff's medical records confirm that he was frequently seen in relation to his hernia. (Doc. 23-2, p. 3-7). Plaintiff was given an abdominal binder, was provided medication, and was instructed how to reduce the hernia, but the physician deemed Plaintiff to be repeatedly non-complaint with his instructions. (Doc. 23-2, p. 3-7, 28). Dr. Bumguarnder told Plaintiff on May 6, 2010 and on other dates that his

hernia was not severe but was merely cosmetic, and did not require surgery.

(Doc. 9, p. 11, 22; Doc. 23-2, p. 31, 59, 71, 82, 91.)

**Defendant's State of Mind**

Even assuming, however, that Plaintiff had a serious medical need,

the Court finds no evidence raising a material question of fact that

Defendant acted with deliberate indifference, which requires a higher degree

of fault than negligence or gross negligence. *Berry v. City of Muskogee,*

*Oklahoma,* 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted).

> A prison official has a sufficiently culpable state of mind if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970; *see also Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (concluding "a complaint that a physician has been negligent in diagnosing or treating a medical condition" does not show deliberate indifference).

*Boyett*, 282 Fed.Appx. at 672, 2008 WL 2483286, 4. Nothing in the record

suggests that Defendant knew of and disregarded an excessive risk to

Plaintiff's health, as is required. *See Farmer,* 511 U.S. at 837.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss or for

summary judgment is granted.

Dated this 5th day of January, 2012, at Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge